FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION 2018 APR 23 PM 4: 21

CASE NO.

JUAN CARLOS GIL,

    Plaintiff,

6:18-cv-642-ORL-28-DCI

v.

BREVARD COUNTY,

    Defendant,

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant Brevard County ("Defendant") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and alleges as follows:

**INTRODUCTION**

1. This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced, to redress unlawful disability-based practices and to make Plaintiff Juan Carlos Gil whole.

2. Brevard County ("Defendant") is a public entity which has provided the website URL www.brevardfl.gov as an information website ("Website") to the Brevard County government for the general public (to anyone who accesses the Website). The

1

general public is able to access Brevard County government's online content, which constitutes programs, services, and activities.

3. Plaintiff Juan Carlos Gil brings this action to stop the marginalization of the blind, vision impaired, and low vision citizens of (and visitors to) Brevard County.

4. In order to meaningfully access the internet, blind and visually impaired individuals require that webpages be accessible and interface with screen reader software. Defendant's Website is not accessible by persons who are visually impaired and who utilize screen readers.

5. Because Defendant's Website is not accessible for persons who are blind or low sighted, Defendant has denied Plaintiff Juan Carlos Gil access to that Website

6. As such, Defendant has denied access to Plaintiff based on Plaintiff's disability (being low sighted and/or blind). In so doing, Defendant has denied Plaintiff his fundamental right to observe and participate in the democratic process of self-government. A citizen's right to meaningful participation in the political process and to access publicly available information needed to participate in the process is a fundamental right requiring heightened scrutiny. *Johnny Reininger, Jr. v. State of Oklahoma*, Case No.: 5:16-cv-012141 (November 9, 2017).

7. Plaintiff brings this action against Defendant to enforce the requirement of Section 504 of the Rehabilitation Act that a public entity receiving federal financial assistance, which Defendant receives each year, must not deny persons with disabilities the benefits of its programs, services and activities.

8. By failing to provide its Website in a manner that it interfaces with screen reader software, Defendant has deprived blind and visually impaired individuals of the

benefits of its online content, which benefit is afforded to sighted (non-disabled) individuals. As such, Defendant has increased the sense of isolation and stigma that the ADA and Section 504 were meant to redress for individuals with disabilities.

9. Defendant's denial of its publicly available online content to blind and visually impaired individuals violates Section 504 of the Rehabilitation Act and Title II of the ADA.

10. Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that blind and visually impaired individuals have equal, effective and timely access to Defendant's publicly available online content within its Website.

## JURISDICTION AND VENUE

11. Plaintiff is expressly authorized to bring this action pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12133 ("ADA"), incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in § 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

12. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court's jurisdiction is proper under 28 U.S.C. Section 451, 1331, 1337, and 1343.

13. Plaintiff has met all conditions precedent to bring this action.

## PARTIES

### Juan Carlos Gil

14. Plaintiff Juan Carlos Gil is a resident of the State of Florida, resides within this judicial district, is *sui juris*, is disabled and a qualified individual as defined by the

ADA

15. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA and as set forth at 29 USC §705(20). Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Plaintiff is substantially limited in the major life activity of seeing.

16. Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[1]

17. In the past year, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but are not limited to, the National Federation for the Blind convention in Orlando[2], the American Counsel for the Blind convention in Nevada, and various focus groups and meetings throughout the east coast (including New York and Boston).

18. Plaintiff is an otherwise qualified individual with a disability in that Plaintiff is qualified to access Defendant's Website.

19. Due to his disability, the Plaintiff requires that internet content be accessible and interface with screen reader software.

**Brevard County**

20. Defendant Brevard County is a local government entity, a body corporate and political subdivision of the State of Florida. Brevard County was established by an act of

---

[1] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020); See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm
[2] July 2017

4

the Florida Legislature in 1854 and signed into law by the Governor in 1855.[3]

21. Brevard County Home Rule and Chapter 125.01 of the Florida Statutes give the five-member Brevard County Board of County Commissioners the ability to create (through a local public hearing ordinance procedure) local laws[4].

22. Since Defendant conducts its business as an agency and instrumentality of Brevard County and the State of Florida, it is a "public entity" subject to Title II of the ADA. 42 U.S.C. § 12131(1).

23. On information and belief, Defendant is also a recipient of federal funds and as such, is also subject to the requirements of Sections 504 of the Rehabilitation Act of 1973.

## GENERAL ALLEGATIONS

24. Defendant offers a service through its website www.brevardfl.gov ("Portal") where interested persons can obtain pertinent information for living in, and visiting, Brevard County. Plaintiff is an interested person.

25. Interested persons can view the Brevard County government's legislative history and agenda from the year 2010 to the present date when they navigate to http://brevardcountyfl.iqm2.com/Citizens/default.aspx. The minutes therein are essential to understand the nature, detail, and costs of the items voted upon, and also contain a plethora of information which the Brevard County Board of County Commissioners votes upon. This information is made available by Defendant to inform the public of Brevard County government activities.

26. Defendant's Website also provides information on Brevard County policies

---

[3] http://www.brevardfl.gov/HistoricalCommission/HistorySummary
[4] that are not in conflict with or specifically prohibited by state general law or the Florida Constitution

5

and positions which affect the public directly.

27. Defendant's Website provides pertinent information on living and visiting Brevard County including but not limited to: information on parks and recreation (campgrounds, parks, and athletics), animal services, permitting requirements, libraries, recycling, historical landmarks, the space center. This information is made available by Defendant to inform the public of the services provided by the County to citizens, residents, and visitors of Brevard County.

28. The Website permits interested persons ability to view Brevard Commissioner's meeting minutes online from the year 2010 to the present time at http://brevardcountyfl.iqm2.com/Citizens/Calendar.aspx?From=1/1/1900&To=12/31/9999.

29. The Brevard Commissioner's meetings make up the bulk of Defendant's legislative history. The Brevard Commissioner's meetings have a direct effect on the lives of citizens in the region. Interested persons can become informed about the effect of the Brevard Commissioner's meetings and the resulting policies, budgets, and services online by viewing the agendas online, which reflect the decisions made by Brevard County Commissioners through this Website.

30. Defendant's Website contains a plethora of information including the Brevard County Commissioners decisions regarding matters which affect the public directly such as that regarding planning and development, the Brevard County budget, licensing, and environmental resources management.

31. Online viewing of the Defendant's Website is not an option available to persons with vision disabilities due to the fact that Defendant's Website does not interface with screen reader software as used by blind and visually impaired individuals. Plaintiff

(who is legally blind) is such an interested person.

32. As an active and social Florida resident, Plaintiff has a high level of environmental concern and interest in the state of Florida's parks and natural areas, and with respect to Brevard County is interested in becoming involved with Brevard County's Environmentally Endangered Lands program.

33. Plaintiff is also interested in particular features of Brevard County, which would make Brevard County a viable visiting and living option.

34. Therefore, in April, 2018, Plaintiff visited Defendant's Website with the intent of educating himself about the quality of life and governmental functioning in Brevard County.

35. Since Plaintiff is unable to drive, Plaintiff is a citizen who is interested to know if Brevard County offers special transportation services for the disabled. Such transportation services are available by Defendant and are located within its Website at www.brevardfl.gov[5]. However, this information is provided without interface for Plaintiff's screen reader software.

36. Because Defendant's Website is not provided in an accessible format for the blind and visually impaired, Plaintiff has been prevented from reading the Website in order to become informed of governmental policies and services offered to the public by Defendant because of his vision disability. As such, Plaintiff was left excluded from participating in Brevard County government and the community services, programs and activities offered by Brevard County in a manner equal to that afforded to others who are not similarly disabled.

37. Plaintiff's inability to access Defendant's Website has resulted in a *virtual*

---

[5] http://www.brevardfl.gov/EmergencyManagement/HaveAPlan/SpecialNeeds

*barrier* which has impaired, obstructed, hindered, and impeded Plaintiff's ability to become an involved citizen in Brevard County government and learn about the programs, services and activities available to residents and visitors of Brevard county.

38. On information and belief, Defendant has not made reasonable modifications to its rules, policies and procedures to ensure future compliance with the ADA and/or the Rehabilitation Act. As of this filing, Defendant's Website remains inaccessible to Plaintiff as well as to other blind and visually disabled individuals.

39. Plaintiff (and others with vision impairments) will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices regarding its Website unless enjoined by this Court.

40. Defendant has engaged (and continues to engage) in unlawful practices in violation of 42 U.S.C. § 12132.

41. Defendant's unlawful practices include (but are not limited to) denying Plaintiff access to (and participation in) Brevard County's policies, programs, services and activities, and denying Plaintiff the ability to participate in Brevard County government (governmental functions and policies) in the same manner as provided to the sighted public.

42. Defendant has acted with deliberate indifference for the provisions of the Rehabilitation Act and Title II of the ADA in regard to the unlawful practices described herein because Defendant is aware of the availability of computer programs which allow Defendant to provide its Website in an accessible format for the blind and visually impaired community. Despite the ease and accessibility of providing an accessible Website, Defendant has failed to reasonably modify its policies, processes and procedures for the same.

43. As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish.

44. For all of the foregoing, Plaintiff has no adequate remedy at law.

45. Plaintiff has retained the civil rights law firm of Scott R. Dinin P.A. as his legal counsel in this action, and has agreed to pay a reasonable attorney fee.

## COUNT I – VIOLATIONS OF TITLE II OF THE ADA

46. Plaintiff re-alleges and incorporates by reference the foregoing allegations and would further state as follows:

47. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life and that mandate extends to public entities including Defendant and the Website Defendant provides to the public.

48. Title II of the ADA mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, 42 U.S.C. § 12132.

49. Defendant Brevard County is an instrumentality of the State of Florida. 42 U.S.C. §12131(1)(b) states that a public entity includes any instrumentality of a state or local government, Defendant is subject to Title II of the ADA.

50. As a public entity, Defendant must:

    a) Provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

      b) Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

      c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

51. Defendant's Website is a program, service, or activity within the definition of Title II of the ADA. Defendant makes its Website available wherein which the public can access said information.

52. Defendant failed to provide its Website in a format accessible to individuals who are visually impaired who require screen reader software to comprehend that Website.

53. By denying Plaintiff the opportunity to comprehend and benefit from its Website due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from the services, programs or activities afforded to non-disabled persons and persons who are not visually impaired.

54. Providing a Website in a format that can be recognized by screen reader software and therefore making that Website accessible to the visually impaired would not result in any undue burden to Defendant and would not fundamentally change the nature of

Defendant's services, programs, or activities.

55. Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. Part 35.

56. As a result of the virtual barriers within Defendant's Website, visually impaired individuals are denied the full and equal access to the services, programs, and activities offered by Brevard County in a manner equal to that afforded to others; in derogation of Title II of the ADA and Section 504.

57. As a public entity, Defendant may not (directly or through contractual or other arrangements) utilize methods of administration that deny individuals with disabilities access to said public entity's services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. § 35.130(b)(3).

58. As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

59. Defendant is required to present the Website it provides to the public in an accessible format in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

60. Defendant's failure to make its Website accessible impedes Plaintiff (and similarly situated visually impaired individuals) from fully accessing the programs, services, and activities of Brevard County as offered to residents and visitors so that they can participate in the business affairs of Brevard County government (as afforded to the

public), and enjoy the activities, services and programs provided by Brevard County to the public. By such failure, Defendant has discriminated against the visually impaired.

61. Defendant is blatantly discriminating by its failure to provide an accessible Website for blind and visually impaired citizens. Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when the Defendant failed to maintain policies and procedures to ensure compliance with Title II of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's Website. These violations are ongoing.

62. As a result of Defendant's inadequate creation, development, and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

**COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

63. Plaintiff re-alleges and incorporates by reference the factual allegations set forth above.

64. Plaintiff is legally blind, which substantially limits him in his major life activities. Therefore, Plaintiff is a qualified individual with a disability under Section 504 of the Rehabilitation Act.

65. As a qualified individual, Plaintiff is expressly authorized under Section 505 of the Rehabilitation Act which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 & 794(a), incorporating the remedies, rights and procedures set forth in Section 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) - (k), 42 U.S.C. §§ 2000e (5)(f) - (k).

66. On information and belief, Defendant is a recipient of federal financial

assistance.

67. Congress enacted the Rehabilitation Act in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance ". . . be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of the individuals [with disabilities]." 29 U.S.C. § 701(c)(3).

68. Section 504 of the Rehabilitation Act prohibits recipients of federal funding from discriminating against disabled persons and requires that programs or activities operated by a federally-funded entity be readily accessible to persons with disabilities; see 28 C.F.R. § 42.520.

69. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

70. The Rehabilitation Act defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government. As Defendant is a local government, Defendant's creation, storage and providing a Website is a within the meaning of the Rehabilitation Act; 29 U.S.C. § 794(b)(1)(A).

71. This denial of access to Defendant's services, programs and/or activities has subjected Plaintiff to discrimination, excluded Plaintiff from participation in those services, programs and/or activities and denied Plaintiff the benefits of Defendant's Website.

72. As of this filing, Defendant's Website remains inaccessible to persons with screen readers who are blind and/or low sighted but are accessible to persons without

vision disabilities.

73. Specifically, as related to violations of Section 504, blind and visually impaired individuals need to comprehend and access the Website which Defendant provides to the public. Yet, Defendant's Website does not interface with screen reader software so that blind and visually impaired individuals are able to comprehend it.

74. As a recipient of federal funds and pursuant to Section 504 the Defendant may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR § 84.4 (b)(1)(i).

75. As a recipient of Federal funds and pursuant to Section 504 the Defendant may not afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; 45 CFR § 84.4 (b)(1)(ii).

76. As a recipient of federal funds and pursuant to Section 504 the Defendant may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR § 84.4 (b)(1)(iii).

77. As a recipient of federal funds and pursuant to Section 504 the Defendant may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR § 84.4 (b)(1)(iv).

78. Plaintiff has been denied the ability to comprehend Defendant's Website, which would permit Plaintiff to the programs, services and activities of Brevard County as offered to residents and visitors. As a recipient of federal funds and pursuant to Section 504, Defendant may not otherwise limit a qualified handicapped person in the enjoyment

of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR § 84.4 (b)(1)(vii).

79. As a recipient of federal funds and pursuant to Section 504, Defendant may not (directly or through contractual or other arrangements) utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State; 45 CFR § 84.4 (b)(4).

80. As a recipient of federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and practices and the effects thereof that do not or may not meet the requirements of this part; 45 CFR § 84.6 (c)(1)(i).

81. As a recipient of federal funds and pursuant to Section 504, Defendant is required to modify, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), any policies and practices that do not meet the requirements of this part; 45 CFR § 84.6 (c)(1)(ii).

82. As a recipient of federal funds and pursuant to Section 504, Defendant is required to take, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices; 45 CFR § 84.6 (c)(1)(iii).

83. As a recipient of federal funds and pursuant to Section 504, Defendant is required to designate at least one person to coordinate its efforts to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR § 84.7 (a) & (b).

84. Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal provision of a Website which Defendant provides to the public. As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

85. Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

86. Defendant's actions were as a result of commissions or omission and deliberate indifference to the rights of the Plaintiff.

87. As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by Brevard County to residents and visitors (through the knowledge obtained (through its Website) and in participating in the government of Brevard County.

88. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Brevard County.

89. For all of the foregoing, Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Brevard County including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504 of the Rehabilitation Act, permanently enjoin Defendant Brevard County from any practice, policy and/or procedure which will deny Plaintiff equal access to the services, programs and activities offered by Defendant Brevard County to residents and visitors and in participating in the government of Brevard County, as well as:

a) issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by Title II of the ADA and Section 504 of the Rehabilitation Act;

b) The Court enter an Order requiring Defendant to update its Website to interface with screen reader software in order that individuals with visual disabilities can access that Website to the full extent required by Title II of the ADA and Section 504 of the Rehabilitation Act;

c) pursuant to 42 U.S.C. § 12188(a)(2), the Court enter an Order for permanent injunction which directs Defendant to take all steps necessary to bring its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that it is fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an

institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

d) The Court require Defendant engage a (mutually agreed upon) Consultant to assist it in improving the accessibility of its Website and perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's Website to be accessible to individuals with visual disabilities who require screen reader software to comprehend internet content;

e) award damages in an amount to be determined at trial;

f) award Plaintiffs' reasonable litigation expenses and attorneys' fees; and

g) award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of April, 2018.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com